UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:20-CR-33 |
| | ) |
| JANMICHAEL LINGO | ) |

MEMORANDUM OPINON AND ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Cynthia R. Wyrick filed on July 13, 2020, recommending that this Court deny Defendant Janmichael Lingo's motion to suppress. [Doc. 53]. On July 24, 2020, Defendant filed his objections to the report and recommendation. [Docs. 58, 59]. The government responded in opposition. [Doc. 65]. The matter is ripe for review. For the following reasons, the Court ADOPTS the Magistrate Judge's Report, ADOPTS the Recommendation, [Doc. 53], and DENIES Defendant's motion to suppress, [Doc. 27].

### I. BACKGROUND

Defendant was indicted by a federal grand jury charging him with one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), one count of possession with intent to distribute a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(C), two counts of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), (B)(i), one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm, in violation of 18 U.S.C. §§ 5822, 5861(d), and 5871, all arising from a December 27, 2019 incident. [Doc. 3]. On June 16, 2020, the grand jury issued a First Superseding Indictment against Defendant, which added a co-defendant, Braxton E. Gaitor, and additional charges against Defendant. [Doc. 36].

Defendant subsequently filed a motion to suppress. [Doc. 27]. The Magistrate Judge held a hearing on June 17, 2020. Thereafter, the Magistrate Judge filed her report, recommending Defendant's motion to

1

suppress be denied. [Doc. 53]. Defendant filed timely objections to the Magistrate Judge's report and recommendation, to which the government responded. [Docs. 58, 59; 65].

Defendant did not object to the basic facts outlined in the Magistrate Judge's report and recommendation, but he did object to the findings and legal conclusions related to those facts. After reviewing the record before the Court and finding the facts to be consistent with the Magistrate Judge's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. [Doc. 53 at 1]. *See United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## II. DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence." Fed. R. Crim. P. 59(b)(1). Within fourteen days after being served with a copy of the report and recommendation on a motion to suppress, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

This Court must conduct a de novo review of those portions of the report and recommendation to which objection is made and may accept, reject or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "The district court is not required to review - under a *de novo* or any other standard – 'any issue that is not the subject of an objection.'" *Brown v. Bd. Of Educ.*, 47 F. Supp. 665, 674 (W.D. Tenn. 2014) (emphasis added) (quoting *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). After reviewing the evidence, this Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

2

Defendant argues in his objections that the Magistrate Judge erred (1) by incorporating the Johnson City address into the probable cause analysis to determine the validity of the search warrant, and (2) by determining that the good faith exception saved the deficient search warrant. [Doc. 59 at 5].

**A. Search Warrant Validity**

The Fourth Amendment requires a search warrant to be supported by probable cause. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006). Probable cause exists when there is "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (citation omitted). When determining whether probable cause exists, magistrate judges must make a "practical, common-sense decision" based on the circumstances described in the affidavit. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A court's determination of probable cause is limited to "the information [contained] within the four corners of the affidavit supporting the search warrant request." *Jackson*, 470 F.3d at 306. Such an affidavit in support of a search warrant must indicate "a nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). "The connection between the residence and the evidence of criminal activity must be specific and concrete, not 'vague' or 'generalized.'" *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016).

The underlying affidavit which supports the search warrant must actually "contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant." *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (citing *Whiteley v. Warden*, 401 U.S. 560, 564 (1971)). "The supporting facts in an affidavit need not be based on direct knowledge and observations of the affiant, but may come from hearsay information supplied by an informant." *Id.* (citing *Jones v. United States*, 362 U.S. 257, 269-70 (1960)). Ultimately, the decision of the magistrate judge who initially issued the warrant will be reversed by this Court only if her "determinations were arbitrarily exercised." *United States v. Archibald*, 685 F.3d 553, 557 (6th Cir. 2012).

The Defendant challenges the validity of the search warrant. He argues that it is difficult to ascertain how the issuing magistrate could have concluded there was a nexus between evidence of a crime

3

in Chattanooga and the address in Johnson City using the four corners of the affidavit. [Doc. 59 at 7]. The government, however, maintains "that there is sufficient information contained in the search warrant for a neutral and detached magistrate to find probable case that evidence of a crime exists at the Washington County, TN, address identified in the affidavit." [Doc. 65 at 8].

The 613 Montgomery Street search warrant affidavit describes a homicide in Chattanooga, which occurred three days earlier. [Doc. 59-1]. The affidavit states that Chattanooga investigators identified Defendant in his rental vehicle tailing the victim's vehicle on gas station surveillance footage around the time of the crime. The affiant declared that "TBI Agents located the last known address of Mr. Lingo and surveilled the address in an attempt to make contact with Mr. Lingo. Agents witnessed Mr. Lingo exit the residence, enter his vehicle, and begin to leave the area." [*Id.* at 4]. The listed items to be seized includes "[d]igital or electronic devices to communicate," "clothing matching the clothing worn in the surveillance video," and "[a]ny illegaly possessed firearms and illegally possessed ammunition." [*Id.*].

Defendant takes issue that his address does not appear in Johnson City Police Department Investigator Toma Sparks's affidavit in support of the search warrant, and, consequently, the address should not have been considered in the probable cause analysis. While the Defendant is correct that the full address of the residence to be searched does not appear in the affidavit, the document references to "the last known address of Mr. Lingo," and that his "last known address was in Johnson City, Tennessee." [Doc. 59-1]. Moreover, the Defendant provides no support that the issuing magistrate should ignore the rest of the search warrant, where the full address appears multiple times, and where there are picture attachments of the residence. Using the four corners test to evaluate the present affidavit, a "practical, common-sense" approach would have linked the 613 Montgomery Street Johnson City address printed and pictured throughout the search warrant to the language within the affidavit referencing Defendant's "last known address" to be searched in Johnson City. *See Gates*, 462 U.S. at 238. The Court, however, is less troubled with the fact that the complete address was not explicitly printed as part of the affidavit than how law enforcement determined that information.

4

The Court finds that the affidavit states no connection that a "fair probability . . . . that evidence of a crime will be found" at Defendant's Johnson City residence. *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008). In making this determination, the Court must consider the "totality of the circumstances," including the veracity, reliability, and basis of knowledge of a confidential source. *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (quoting *Gates*, 462 U.S. at 230). These factors are not evaluated independently; rather, the presence of more of one factor makes the others less important. For instance, the more reliable the informant, the less detail the informant must provide in his tips before "a magistrate can find probable cause." *United States v. Ferguson*, 252 F. App'x 714, 721 (6th Cir. 2007) (citing *Gates*, 462 U.S. at 233).

Here, the affidavit fails to contain any information that would suggest any suspicious activity had taken place at 613 Montgomery Street. The affiant does not assert that the confidential informant had been inside Defendant's residence, that he or she had seen illegal firearms nor ammunition at his residence nor had seen Defendant use electronic devices to communicate in the days preceding or following the Chattanooga crime. Further, law enforcement did not assert in the affidavit any attempts to corroborate the reliability of the informant's information. Although TBI agents surveilled Defendant's Johnson City residence and watched him leave the house, there is no information in the warrant as to how Defendant's last known address was determined and the information's reliability. "Without such assertions, the affidavit fails to establish the necessary 'nexus between the place to be searched and the evidence sought.'" *United States v. Higgins*, 557 F.3d 381, 394-96 (6th Cir. 2009) (quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)). The affidavit fails to explicitly connect the dots as to why the materials sought will be located at the residence and the missing premise is not quite easy to infer from the stated facts. *See Gates*, 462 U.S. at 238 (probable cause is to be determined by a "practical, common-sense decision"). The Court agrees with the Magistrate Judge's ruling that the search warrant lacked probable cause.

### B. Good Faith Exception

If a warrant lacks probable cause, but the issuing magistrate approved the warrant anyway, the resulting evidence is nevertheless admissible if the officer conducting the search relied in good faith on the

warrant approval—that is, if the warrant fits the "good-faith exception." In *United States v. Leon*, the Supreme Court created an exception to the exclusionary rule for evidence "seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." 468 U.S. 897, 905 (1984). However, the *Leon* good-faith exception is inapplicable where any one of the following situations is present:

> (1) where the affidavit contains information the affiant knows or should have known to be false; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable [or] where the warrant application was supported by [nothing] more than a "bare bones" affidavit; [or] (4) where the warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid.

*United States v. Washington*, 380 F.3d 236, 241 (6th Cir. 2004).

Defendant argues that the second and third scenarios are present here: the issuing magistrate judge wholly abandoned her judicial rule, and Investigator Sparks's belief that the affidavit provided probable cause was entirely unreasonable.

The wholly-abandoned-judicial-role exception may apply when the issuing magistrate "serve[s] merely as a rubber stamp for the police." *Leon*, 468 U.S. at 914. In this case, the Defendant has not presented any evidence to suggest the issuing magistrate judge, a state criminal court judge, wholly abandoned her judicial role and "failed to act in a neutral and detached fashion" when reviewing and approving the 613 Montgomery Street search warrant. *United States v. Rice*, 478 F.3d 704, 711-12 (6th Cir. 2007).

As to the third exception, "[f]ollowing *Leon*, courts presented with a motion to suppress claiming a lack of probable cause must ask 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's decision.'" *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017) (quoting *United States v. Hodson*, 543 F.3d 286, 293 (6th Cir. 2008)). "Only when the answer is 'yes' is suppression appropriate." *Id.* So long as the officer did not operate in deliberate, reckless, or grossly negligent disregard of a defendant's Fourth Amendment rights when applying for the warrant,

the good-faith exception will apply unless the affidavit was "bare-bones"—that is, if the affidavit "is so lacking in indicia of probable cause that no reasonable officer would rely on the warrant." *Id.*

In *White*, the Sixth Circuit explained the difference between a bare-bones affidavit and a good-faith affidavit:

> [A] bare-bones affidavit is a conclusory affidavit, one that asserts "only the affiant's belief that probable cause existed." It provides nothing more than a mere "guess that contraband or evidence of a crime would be found," either "completely devoid" of facts to support the affiant's judgment that probable cause exists, or "so vague as to be conclusory or meaningless."
>
> In contrast, an affidavit is not bare bones if, although falling short of the probable-cause standard, it contains "a minimally sufficient nexus between the illegal activity and the place to be searched." If the reviewing court is "able to identify in the averring officer's affidavit *some* connection, regardless of how remote it may have been"— "some modicum of evidence, however slight"— "between the criminal activity at issue and the place to be searched," then the affidavit is not bare bones and official reliance on it is reasonable.

*Id.* at 496-97 (citations omitted). The *White* Court also noted that officers can show "indicia of probable cause" by "showing their work," rather than just relying on suspicion. *Id.* at 499; *see also United States v. Rose*, 714 F.3d 362, 366 (6th Cir. 2013).

Here, both the issuing magistrate and the Magistrate Judge reviewing the affidavit concluded that the affidavit contained sufficient indicia of probable cause. This Court sees no reason to conclude otherwise. Reading the affidavit, Investigator Sparks describes in detail the Chattanooga crime and its subsequent investigation including the investigation into identifying the Defendant. [*See* Doc. 59-1]. All that is needed for the good-faith exception to apply is for "the affidavit [to] contain[] a minimally sufficient nexus between the illegal activity and the place to be searched[.]" *Carpenter*, 360 F.3d at 596. Even a "modicum of evidence, however slight, to connect the criminal activity described in the affidavit to the place to be searched" will suffice for the good-faith exception to apply. *United States v. Laughton*, 409 F.3d 744, 749 (6th Cir. 2005). Video footage of Defendant at the gas station moments before the Chattanooga crime place Defendant in Chattanooga at the time of crime. Moreover, evidence that Defendant rented and returned a vehicle and was later surveilled leaving his last known residence supports

7

an "indica of probable cause" connecting the illegal activity and the place to be searched. The touchstone for the existence of probable cause is "the mere probability" that a crime has been committed. *Winarseke*, 715 F.3d at 1067. An affidavit need not definitively prove defendant's guilt to be valid.

The good faith exception applies. Defendant's objection as to the Magistrate Judge's proposed conclusion of law that the good faith exception would apply if probable cause is not supported is OVERRULED.

### III. CONCLUSION

This matter is before the Court on defendant's objection to the Magistrate Judge's Report and Recommendation. [Doc. 58]. For the reasons stated in the memorandum opinion and the Court being otherwise sufficiently advised, the Court **ACCEPTS AND ADOPTS** the report and recommendation, [Doc. 53], of the magistrate judge in its entirety.

It is further ordered that:

(1) the defendant's objection to the Magistrate Judge's Report and Recommendation [Doc. 58],

is **OVERRULED**; and

(2) the defendant's motion to suppress evidence [Doc. 27], is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
