UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CR-33 |
| | ) | |
| vs. | ) | |
| | ) | |
| JANMICHAEL VINCENT LINGO, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a Motion to Dismiss Counts 1, 3, 4, and 5 of the Superseding Indictment [Doc. 67] and a Motion to Dismiss Count 2 of the Superseding Indictment [Doc. 69]. The United States filed a Response in Opposition to Defendant's Motion to Dismiss Counts 1, 3, 4, and 5 [Doc. 68]. The matter is before the Court pursuant to 28 U.S.C. § 636 and the standing orders of the District Court. The matter is now ripe for resolution. For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant's Motions [Docs. 67 & 69] be **DENIED as moot**.

I.     **Analysis**

Defendant's Motion to dismiss Counts 1, 3, 4, and 5 of the First Superseding Indictment [Doc. 67] was filed on September 9, 2020. In it, Defendant contends that Counts 1 and 3 of the First Superseding Indictment [Doc. 36], charging Defendant and his co-defendant with maintaining a residence for the distribution of oxycodone and possession of oxycodone with intent to distribute, and Counts 4 and 5, alleging firearms violations premised upon the possession of oxycodone with intent to distribute, should be dismissed because the official

forensic chemistry report completed during the investigation of this case revealed the substance tested to be fentanyl and not oxycodone. A copy of the official forensic chemistry report was attached to Defendant's Motion. [Doc. 67-1]. Defendant alleges this report is undisputed such that, as a matter of law, the United States is incapable of proving an essential element of the offense charged beyond a reasonable doubt.

The United States does not dispute the forensic chemistry report; instead, the Government acknowledged that the First Superseding Indictment incorrectly identified the substance seized from Defendant's residence as oxycodone and stated its intention to seek a second superseding indictment from the Grand Jury reflecting the correct substance [Doc. 68, p. 2]. Subsequently, the Grand Jury for the Eastern District of Tennessee returned a Second Superseding Indictment [Doc. 73] on September 22, 2020 which charges Defendant in Count Two with maintaining a residence, along with his co-defendant, for the distribution of fentanyl; in Count Three with possession of fentanyl with intent to distribute; and in Counts Four and Five with firearms violations premised upon possession of fentanyl with intent to distribute. Defendant is not charged with any offenses related to oxycodone in the Second Superseding Indictment rendering Defendant's Motion to Dismiss Counts 1, 3, 4, and 5 [Doc. 67] of the First Superseding Indictment moot.

Defendant also filed a Motion to Dismiss Count 2 of the First Superseding Indictment [Doc. 69] on September 10, 2020. Count Two of the First Superseding Indictment [Doc. 36] charged that Defendant and his co-defendant conspired to distribute marijuana from on or about November 2018 up to and including December 27, 2019. Defendant argues the Government relied upon sixteen (16) pieces evidence seized during traffic stops in Texas to support this charge, only one of which was tested and all of which have now been destroyed [Doc. 69, p. 1].

Defendant argues the destruction of this evidence violated his right to due process. However, the Second Superseding Indictment returned by the Grand Jury after this Motion was filed does not charge Defendant and his co-defendant with conspiracy to distribute marijuana from on or about November 2018 up to and including December 27, 2019. As such, Defendant's Motion to Dismiss Count 2 of the First Superseding Indictment is also rendered moot.

## II.    Conclusion

For the reasons outlined above, the undersigned **RECOMMENDS** that Defendant's Motions to Dismiss [Docs. 67 & 69] be **DENIED as moot**. [1]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).